DECISION OF DISMISSAL
This matter is before the court on Defendant's Motion to Dismiss on the ground that Plaintiff failed to appeal within the 90 days required by ORS 311.223(4).[1] The court held a hearing on the motion November 1, 2010. Plaintiff was represented by Charles Starr, Chairman of the Board of Trustees, and Chris Baidemann, the school's former secretary. Defendant was represented by Hiedi Martin-Boles, Christopher Werner, and Mark Hertel, all of whom are employees with the Washington County Assessor.
The case involves Defendant's removal of a property tax exemption for certain real property identified in the assessor's records as Account R319649, which was used by Plaintiff as a school. The tax year at issue is 2009-10. Defendant effected the removal of the exemption by issuance of an omitted property notice dated February 8, 2010. Prior to that notice of correction, Defendant sent Plaintiff a Notice of Intent to correct the roll (by removing the exemption). That notice was dated December 4, 2009, and, among other things, advised Plaintiff of its right to appear at a show cause hearing on December 30, 2009. The notice also provided Plaintiff with several boxes to check indicating whether Plaintiff agreed with the proposed correction, wished to attend the show cause hearing, or wished to reschedule the date of the hearing to an earlier *Page 2 
day. That notice was received by Plaintiff's accountant in the State of Washington, because Plaintiff had submitted a change of address form to the U.S. Postal Service in Oregon directing all school mail to go to the accountant, which was where some of the final actions involved in winding up the school's operations were being handled.
The accountant checked the box indicating his desire to attend the show cause hearing. The accountant signed and dated the notice on December 23, 2009, and then mailed that form to the assessor. (Ptf's Compl at 3.) The assessor acknowledged receipt of that document. However, neither the accountant nor anyone else associated with Plaintiff appeared for that hearing. As a result, Defendant corrected the roll and issued the February 8, 2010, correction notice.
Plaintiff had 90 days from the date the roll was corrected to appeal to this court. ORS 311.224(4). That deadline was May 10, 2010. Plaintiff's Complaint was filed with this court on July 21, 2010, more than two months after the 90-day statutory deadline. Defendant raised the untimeliness issue in its Answer, indicating that "the 90 day right of appeal expired in May of 2010." (Def's Ans at 1.) Defendant reiterated the untimeliness issue at the November 1, 2010, hearing.
During the November 1, 2010, court hearing, Plaintiff's representatives indicated that the omitted property assessment notice was not timely received. There are two problems with that argument. First, receipt of the notice is not required by statute. Second, it is clear that Plaintiff, through its accountant, received the Notice of Intent and was therefore aware of the pending removal of the exemption. Plaintiff did not provide Defendant with the accountant's address in Washington. Presumably the Notice of Intent was forwarded to the accountant in Washington based on Plaintiff's forwarding address request. It could be that the forwarding of mail ceased *Page 3 
between the time the Notice of Intent was mailed and the notice of correction sent. Nonetheless, whether the final correction notice, which triggers the right of appeal, was received by Plaintiff or not, the reason or reasons thereof, are irrelevant.
Plaintiff has not presented any fact or argument that prevents the application of the 90 day appeal deadline set forth in the statute discussed above, and the court is not aware of any circumstances that would allow it to waive, excuse, or otherwise override that deadline and allow the appeal to go forward on the underlying exemption question. Now, therefore,
IT IS THE DECISION OF THIS COURT that Defendant's Motion to Dismiss is granted. The Complaint is dismissed.
Dated this _____ day of November 2010.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the date ofthe Decision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Dan Robinsonon November 19, 2010. The Court filed and entered this documenton November 19, 2010.
[1] All references to the Oregon Revised Statutes (ORS) are to the 2009 edition.
 *Page 1